IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BESTWAY SYSTEMS, INC., et al., | ) | |
| | ) | Case No. 1:04-CV-01374 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Ann Aldrich |
| | ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) | Magistrate Judge Vecchiarelli |
| | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before this court are three Reports & Recommendations (the "R&Rs") from Magistrate Judge Nancy A. Vecchiarelli. The Report & Recommendation filed on September 27, 2005 [Docket No. 62] (the "September 27th R&R") concerns defendant American International Group, Inc.'s ("AIG") motion to dismiss all claims against it. The Report & Recommendation filed on September 28, 2005 [Docket No. 63] (the "September 28th R&R") concerns the motion by all defendants to bifurcate the fifth cause of action for bad faith and to stay proceedings on that cause of action. The Report & Recommendation filed on October 13, 2005 [Docket No. 69] (the "October 13th R&R") concerns the motion by all defendants to dismiss plaintiffs' third cause of action for conversion. No objections have been filed by any party to any of the R&Rs. Also before the court is AIG's motion to stay discovery [Docket No. 57].

The September 27th R&R recommends that the court deny AIG's motion to dismiss all claims against it. The September 28th R&R recommends that the court deny defendants' motion to stay with prejudice and deny defendants' motion to bifurcate without prejudice. The October 13th R&R recommends that the court grant defendants' motion to dismiss the conversion cause of action. For the

following reasons, the court adopts all three R&Rs, denies AIG's motion to dismiss [Docket No. 28], denies defendants' motion to bifurcate and stay [Docket No. 31], and grants defendants' motion to dismiss [Docket No. 29]. The court also denies AIG's motion to stay discovery [Docket No. 57] as moot.

## I. Background

Plaintiffs Bestway Systems, Inc. ("Bestway") and DriveAll, Inc. ("DriveAll") filed their Complaint [Docket No. 1] against defendants AIG, American Home Assurance Company ("American Home"), AIU Insurance Company ("AIU"), and Commerce and Industry Insurance Company ("C&I"), seeking declaratory relief and damages for breach of contract, conversion, unjust enrichment, and bad faith. American Home, AIU and C&I are all subsidiaries of AIG, and Bestway and DriveAll have alleged that those three parties are actually alter egos of AIG. (Compl. ¶ 9.) Bestway and DriveAll's claims concern several workers' compensation insurance policies issued by American Home, AIU and C&I. Minimal discovery has taken place during this litigation.

## II. Discussion

### A. *The September 27th R&R*

The September 27th R&R concerns AIG's Motion to Dismiss [Docket No. 28], on the grounds that it cannot be held liable for insurance policies issued and premiums collected by its wholly-owned subsidiaries – in other words, that AIG's corporate veil may not be pierced. Bestway and DriveAll, however, allege that American Home, AIU and C&I are alter egos of AIG, and AIG's corporate veil therefore may and should be pierced.

In her review of this motion, Magistrate Judge Vecchiarelli noted that the pertinent question is whether Ohio law requires fraud in order to pierce the corporate veil. If so, then Bestway

-2-

and DriveAll will be held to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See, e.g., In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d 385, 425 (S.D.N.Y. 2003) (citations omitted); *Chicago Dist. Council of Carpenters Pension Fund v. Ceiling Wall Sys., Inc.*, 915 F.Supp. 939, 942-43 (N.D. Ill. 1996) (citations omitted); *Laborers Combined Funds of W. Pa. v. Ruscitto*, 848 F.Supp. 598, 600-01 (W.D. Pa. 1994) (citations omitted).

Under Ohio law, the corporate veil may be pierced, and shareholders such as AIG held liable for the actions of its subsidiaries, "only if the shareholder is indistinguishable from or the 'alter ego' of the corporation itself." *Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St.3d 274, 287, 617 N.E.2d 1075, 1085 (1993). Specifically, the Ohio Supreme Court held that the corporate veil may be pierced when:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own,
>
> (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and
>
> (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Id.* at 289, 617 N.E.2d at 1086. Therefore, while fraud is a sufficient condition for the corporate veil to be pierced under *Belvedere*, it is not a necessary condition. *See, e.g., Music Express Broad. Corp. v. Aloha Sports, Inc.*, 161 Ohio App.3d 737, 742, 831 N.E.2d 1087, 1091 (2005) (holding that "[a]lthough the Supreme Court of Ohio has not expressly addressed this issue, it appears to agree that the perpetration of a fraud or illegality is not the sole ground for disregarding the corporate entity").

Thus, Bestway and DriveAll's allegations that American Home, AIU and C&I are AIG's alter egos do not need to meet Rule 9(b)'s heightened pleading requirements, and are sufficient to

withstand a motion to dismiss. For those reasons, the court adopts the September 27th R&R and denies AIG's Motion to Dismiss [Docket No. 28].

### B. *The September 28th R&R*

The September 28th R&R concerns the motion by AIG, American Home, AIU and C&I to bifurcate Bestway and DriveAll's fifth claim for bad faith and to stay discovery on the bad faith claim until Bestway and DriveAll's breach of contract claim is adjudicated [Docket No. 31]. Both Magistrate Judge Vecchiarelli and the court find Judge Lesley Wells' opinion in *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.* instructive. No. 1:03-CV-1322 (N.D. Ohio Feb. 19, 2004). Specifically, Judge Wells noted that engaging in two successive and separate stages of discovery, and delaying efforts to "discovery information related to defendants' motive and state of mind" could be prejudicial, and such a delay unwarranted. *Id.*, slip op. at 5. Also, as in *Bondex*, Magistrate Judge Vecchiarelli and the court note that bifurcation at this stage would be premature, as a decision to bifurcate "is dependent on the facts and circumstances of each case." *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citation omitted).

For those reasons, the court adopts the September 28th R&R and denies defendants' motion to bifurcate the bad faith claim and stay discovery on the bad faith claim pending resolution of the contract claim [Docket No. 31]. Defendants may re-file their motion to bifurcate the bad faith claim upon completion of discovery.

### C. *The October 13th R&R*

The October 13th R&R concerns the motion by AIG, American Home, AIU and C&I to dismiss Bestway and DriveAll's third cause of action for conversion [Docket No. 29]. "[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or

withholding it from his possession under a claim inconsistent with his rights." *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 175 (1990). As Bestway and DriveAll's claims concern premiums paid to American Home, AIU and C&I, conversion will lie as a cause of action only if those funds were specifically identified, were held in trust, or if the defendants somehow owed Bestway and DriveAll other similar fiduciary duties. *See, e.g., Staley v. Kreinbihl*, 152 Ohio St. 315, 321, 89 N.E.2d 593, 597 (1949); *Haul Transp. of Va., Inc. v. Morgan*, Case No. CA 14859, 1995 WL 328995, at *3-4 (Ohio Ct. App. June 2, 1995).

Under Ohio law, an "insurance company has a fiduciary responsibility toward its insured to act in good faith toward its insured in carrying out its duties under the contract." *Red Head Brass, Inc. v. Buckeye Union Ins. Co.*, 135 Ohio App.3d 616, 632, 735 N.E.2d 48, 59 (1999). However, as Magistrate Judge Vecchiarelli notes, those fiduciary duties concern the insurer's contractual duties, not duties over premiums paid. Specifically, neither Bestway nor DriveAll have produced statutory or case law suggesting that insurance companies have a fiduciary or other obligation to hold premiums paid in trust. Instead, Bestway and DriveAll allege that the defendants received premiums they did not earn, creating no more than a debtor-creditor relationship. *Plotner v. Buckeye Union Cas. Co.*, 94 Ohio App. 94, 100, 114 N.E.2d 629, 633 (1952) (holding that unearned premiums "merely constituted a debt from defendant to plaintiff" where insurance company cancelled its policy on which insured had prepaid premium). Without allegations establishing a trust relationship, or fiduciary duties similar to a trust relationship, an action for conversion for allegedly overcharged premiums will not lie. For those reasons, the court adopts the October 13th R&R, grants defendants' motion to dismiss the conversion claim [Docket No. 29], and dismisses the complaint's third cause of action as to all defendants.

    D. *AIG's Motion to Stay Discovery*

AIG filed a motion to stay discovery against it pending the court's ruling on AIG's motion to dismiss [Docket No. 28]. Because the court denies AIG's motion to dismiss, it also denies AIG's motion to stay discovery against it as moot.

### III.     Conclusion

For the foregoing reasons, the court adopts the September 27th R&R, the September 28th R&R and the October 13th R&R. AIG's motion to dismiss [Docket No. 28] is denied. Defendants' motion to bifurcate and stay [Docket No. 31] is denied, but defendants may re-file their motion to bifurcate upon completion of discovery. Defendants' motion to dismiss the conversion claim [Docket No. 29] is granted, and the third cause of action for conversion is dismissed as to all defendants. AIG's motion to stay discovery [Docket No. 57] is denied as moot.

The deadlines in the court's June 1, 2005 Case Management Order/Trial Order [Docket No. 36] remain in effect: discovery must be completed by January 6, 2006; all dispositive motions must be filed by April 7, 2006; and trial is scheduled to begin on October 30, 2006. If the parties wish to extend those deadlines, they should submit a joint proposal to the court.

IT IS SO ORDERED.

   / s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: November 8, 2005**